UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LEWIS R. SOUTHARD ,

                Petitioner,

    v.

JASON BENNETT ,

                Respondent.

CASE NO. 2:24-cv-01146-JHC-BAT

**REPORT AND RECOMMENDATION**

      Petitioner Lewis R. Southard is a Stafford Creek Corrections Center prisoner. He is serving a sentence imposed by the Snohomish County Superior Court on September 24, 2012 in case number 09-1-01869-8. Dkt. 1. On July 26, 2024, Petitioner filed a 28 U.S.C. § 2241 petition for writ of habeas corpus challenging his 2012 Snohomish County sentence. Because Petitioner failed to file an application to proceed *in forma pauperis* or pay the $5.00 filing fee, the clerk of court issued a notice of deficiency, to which Petitioner has failed to respond.

      Under Rule 4 and Rule 1(b) of the Rules Governing § 2254 and § 2241 cases, the Court must review a habeas petition and should dismiss the petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. The Court has reviewed the record and the habeas petition and recommends (1) the case be dismissed because Petitioner has neither submitted a sufficient IFP application nor paid the $5.00

REPORT AND RECOMMENDATION - 1

1  filing fee; and (2) the habeas petition be DISMISSED with prejudice because it is untimely, and
2  because the claim for relief lacks merit. If the Court adopts the recommendation to dismiss the
3  petition with prejudice, the Court further recommends Petitioner's motion to proceed IFP,
4  motion to waive Magistrates Report,[1] and motion to appoint counsel, and motion to certify be
5  stricken as moot. Issuance of a certificate of appealability should also be denied.

## DISCUSSION

### A.    The Petition

Using a form Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, Petitioner challenges the validity of the "life sentence imposed by the Superior Court, now executed by the Parole Board." Dkt. 1 at 2. The habeas petition indicates Petitioner filed a direct appeal. In a decision dated May 29, 2012, the Washington Court of Appeals rejected Petitioner's claims that his convictions for first degree rape of a child and first degree child molestation should be reversed because the trial court erroneously denied discovery requests and admitted prejudicial child hearsay statements. *See State v. Southard*, 168 Wash. App. 1019 (Div. I, 2012). However, the Court of Appeals found a substance abuse treatment condition imposed as part of community custody was not supported by the record and remanded the matter with direction that the trial court strike this condition from the judgment and sentence. Petitioner does not aver he sought review of this decision, filed a state personal restraint petition seeking collateral relief or sought review in the United States Supreme Court.

---

[1] Petitioner's contention that a magistrate judge may not issue a report and recommendation under *Wingo v. Wedding*, 418 U.S. 461 (1974) is meritless. *Wingo* held the Federal Magistrates Act did not authorize a magistrate judge to conduct an evidentiary hearing. The 1976 amendments to the Federal Magistrates Act authorize appointment of magistrate judges to conduct evidentiary hearings and submit proposed findings of fact and recommendations for disposition in federal habeas cases. *See* 28 U.S.C.A. s 636(b)(1)(B) (West Supp.1982). These amendments were intended to overrule *Wingo v. Wedding*. *See U.S. v. Radditz*, 447 U.S. 667, 676 (1980) ("Congress enacted the present version of § 636(b) as part of the 1976 amendments to the Federal Magistrates Act in response to this Court's decision in *Wingo v. Wedding*").

REPORT AND RECOMMENDATION - 2

In support of the present habeas petition, Petitioner filed a memorandum that raises one ground for relief: "Is former RCW 9.94A.712 unconstitutional on its face and operating in violation of Mr. Southard's Sixth Amendment right to Jury trial?" Dkt. 1.

Petitioner's memorandum contends Petitioner seeks § 2241 habeas relief and "objects to any recharacterization as a 28 U.S.C. § 2254 petition" citing to *Castro v. United States*, 540 U.S. 375 (2003). Petitioner further contends the Snohomish County Superior Court sentenced him to an:

> indeterminate life sentence pursuant to former RCW 9.94A.712 Section (6)(b) requires strict compliance with RCW 9.95.420(3)(a) and (b), which both authorize a board to increase the mandatory minimum term of confinement.
>
> The plain language of former RCW 9.94A.712 violates Mr. Southard's Sixth Amendment right to a jury trial as set forth in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Alleyne v. United States*, 570 U.S. 90 (2013).
>
> B. Operation of Statue Former RCW 9.94A.712 subjects Mr. Southard to the jurisdiction of a board operating as a parole board, under RCW 9.95.002. However, the legislature intends to conform to the sentencing reform act chapter 9.94A to comply with the ruling in *Blakely* Laws of 2005 chapter 68 section 1.
>
> The sentencing reform act placed meaningful constraints on discretion to sentence offenders within the statutory ranges and eliminated parole *Blakely v. Washington,* 540 U.S. 296, 316 (2004).

Dkt. 1 (memorandum). As relief, Petitioner requests the Court order Petitioner's release from custody. *Id.* at 7.

B.      § 2241 versus §2254 Habeas Petitions

Petitioner requests the Court find his conviction and sentence invalid, order his release from prison under § 2241, and objects to recharacterizing his petition as brought under §2254 citing *Castro v. U.S.* The *Castro* case involved the recharacterization of a federal prisoner's

REPORT AND RECOMMENDATION - 3

motion regarding a federal conviction as a § 2255 motion. The *Castro* Court directed district courts to provide a federal prisoner notice of intent to recharacterize that includes a warning that any subsequent § 2255 motion will be subject to restrictions on successive motions and allowing the federal prisoner the chance to withdraw the motion. *Id.* at 793.

The concern regarding successive § 2255 petitioners that was addressed in *Castro* is inapplicable. What is applicable to this case is what provision under Tile 28 permits Petitioner to challenge his state court conviction and sentence. Any prisoner who is in custody and challenges his or her state criminal conviction and sentence is required to seek habeas relief under 28 U.S.C. § 2254, and not 28 U.S.C § 2241. This is because § 2254 is the exclusive means by which a convicted individual may test the legality of his or her state conviction and detention. *See Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003) (as amended).

Moreover, because Petitioner is imprisoned pursuant to a state court criminal judgement, relief is available only under § 2254 even if he is <u>not</u> challenging his underlying state court conviction. *See Dominguez v. Kernan,* 906 F.3d 1127, 1135 (9th Cir. 2018) ("Because § 2254 limits the general grant of habeas relief under § 2241, it 'is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction.'" In short, as Petitioner challenges his underlying Clallam County state court judgment and sentence, such relief is available only under § 2254, not § 2241. Because the relief Petitioner requests is unavailable under § 2241, the Court treats the petition as one seeking § 2254 habeas relief.

C. **The Petition is Untimely**

Petitioner contends the state sentence imposed in 2012 violates his Sixth Amendment right to a jury determination, and that the Court should grant habeas relief and release him from

REPORT AND RECOMMENDATION - 4

custody. This challenge is time barred because a § 2254 federal habeas petition challenging a criminal judgment and sentence is subject to a one-year statute of limitations. *See* 28 U.S.C. § 2241 et seq. Section 2244 sets forth the applicable limitations periods:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*See* 28 U.S.C. § 2244(d)(1) and (2).

For purposes of 28 U.S.C. § 2244(d)(1)(A), direct review generally concludes, and the judgment becomes final either upon the expiration of the time allowed for filing a petition for writ of certiorari with the Supreme Court, or when the Court rules on a timely filed petition for certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Generally, a conviction becomes "final" when the 90-day period for filing a petition for *certiorari* to the Supreme Court

REPORT AND RECOMMENDATION - 5

expires. *See United States v. Garcia*, 210 F.3d 1058, 1060 (9th Cir. 2000). When there is no direct review or the direct review process terminates prior to reaching the state's highest court, however, the judgment becomes final on an earlier date. *Gonzalez v. Thaler*, 565 U.S. 134, 147-154 (2012); *Wixom v. Washington*, 264 F.3d 894 (9th Cir. 2001). As the Supreme Court has explained:

> The text of § 2244(d)(1)(A), which marks finality as of "the conclusion of direct review or the expiration of the time for seeking such review," consists of two prongs. Each prong—the "conclusion of direct review" and the "expiration of the time for seeking such review"—relates to a distinct category of petitioners. For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in this Court, *or in state court*, expires.

*Gonzalez*, 565 U.S. at 150 (emphasis added).

As noted above, under 28 U.S.C. § 2244(d)(2), if during the limitations period a "properly filed application for state post-conviction or other collateral review . . . is pending," the one-year period is tolled. 28 U.S.C. § 2244(d)(2); *see Pace v. DiGulielmo*, 544 U.S. 408, 410 (2005). Petitioner "bears the burden of proving that the statute of limitations was tolled." *Banjo v. Ayers*, 614 F.3d 964, 967 (9th Cir. 2010).

Here, Petitioner was originally sentenced in 2010 and resentenced in September 2012 when the Washington Court of Appeals remanded his case to strike a condition of community custody. Petitioner did not seek review of the decision of the Washington Court of the Appeals, file a personal restraint petition, or writ for certiorari. Using the date of his resentencing, his conviction thus became final at the end of 2012 or in early 2013 when the 90 days to file a petition for writ of certiorari lapsed. Petitioner presents nothing showing his final judgment has been statutorily tolled. Further there is no basis to equitably toll the statute of limitations because

REPORT AND RECOMMENDATION - 6

the facts and legal grounds supporting Petitioner's claims were known to Petitioner at the time of his sentencing. Petitioner plainly knew what sentence was imposed in 2010 and 2012 and how under the Revised Code of Washington he was subject to the sentencing scheme that he now challenges. He further challenges this sentencing scheme based upon the 2000 *Apprendi* decision, the 2005 *Blakely* decision, and the 2013 *Alleyne* decision. Petitioner clearly could have, but failed to timely raise the claims he now raises.

Additionally, other courts have found federal habeas challenges to a state court judgment and sentence under *Apprendi* and *Blakely* are subject to the statute of limitations under 28 U.S.C. 2244(d). *See, e.g., Packer v. Salazar*, 2010 WL 1611050 (E.D. Cal., April 21, 2010).

Petitioner's federal habeas petition is accordingly time barred and should be dismissed with prejudice.

**D.    The Ground for Relief Lacks Merit**

Petitioner contends he received a life sentence under a sentencing statute that violates his Sixth Amendment rights. He contends his sentence is based upon how a "indeterminate life sentence pursuant to former RCW 9.94A.712 Section (6)(b) requires strict compliance with RCW 9.95.420(3)(a) and (b), which both authorize a board to increase the mandatory minimum term of confinement."

Under RCW 9.94A.712(3)(a) and (b) the legislature directed upon a finding that the offender is subject to a sentencing under this section, the court shall impose a sentence to a maximum term and a minimum term. The maximum term shall consist of the statutory maximum sentence for the offense, which according to Petitioner's pleadings is a term of life in prison RCW 9.94A.712(6)(a) states "As part of any sentence under this section, the court shall also

REPORT AND RECOMMENDATION - 7

require the offender to comply with any conditions imposed by the board under RCW 9.95.420 through 9.95.435.

Petitioner contends the sentence he received was governed by RCW 9.94A.712 and this statute violates his Sixth Amendment rights under *Apprendi* and *Blakely,* arguing that any sentence above the minimum term of confinement imposed by the sentencing judge requires a jury finding. However, the sentence Petitioner received, a maximum term of life, is the term of imprisonment set by the Washington State legislature. This flows from the fact that under Washington law, rape of a child in the first degree is a Class A felony and in Washington, class A felonies carry a maximum term of life in prison. *See* RCW 9A.20.021 (statutory maximum for class A felony committed after July 1, 1984 is life imprisonment); RCW 9A.44.073 (rape of a child in the first degree is a class A felony).

Petitioner's sentence thus does not rely upon facts that require a finding made by a jury under *Apprendi* or *Blakely*, because his sentence falls within the maximum term of imprisonment set by the legislature and which the sentencing judge was required to impose. To the extent Petitioner claims the maximum term he faces is the minimum term of imprisonment which a sentencing judge may set, and that any term above this minimum term violates the Sixth Amendment under *Blakely*, that claim lacks merit. Petitioner was sentenced to a maximum term of life in prison, and thus there is no Sixth Amendment violation.

Accordingly, even if the Court were to find Petitioner's § 2254 petition was timely filed, Petitioner's claim for relief lacks merit and should be dismissed with prejudice.

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of the petition only after obtaining a certificate of appealability (COA) from a district

REPORT AND RECOMMENDATION - 8

or circuit judge. A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Under this standard, the Court finds that no reasonable jurist would conclude Petitioner is entitled to relief. Accordingly, the Court recommends a COA not be issued. Petitioner should address whether a COA should be issued in his written objections, if any, to this Report and Recommendation.

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore, Petitioner should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters judgment in the case.

Objections, however, may be filed no later than **September 12, 2024.** The Clerk shall note the matter for **September 13, 2024**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 30th day of August, 2024.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 9